# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DENNIS KAFTAN, #K-70163,** )
)
      **Plaintiff,** )
)
vs. )    **CASE NO. 10-cv-996-MJR**
)
**JOHN COX, GLADYSE TAYLOR, and** )
**PAT QUINN,** )
)
      **Defendants.**

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

1

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). On November 29, 2010 Plaintiff was transferred to Vienna Correctional Center. Plaintiff was housed in a 100-man dormitory, where he shares a two-toilet restroom with the other 100 inmates who are housed in his building. The second floor of the building contains a restroom as well, but it remains locked so that it cannot be accessed by inmates.

Every other day Plaintiff is taken with 10 other inmates to shower. Though 10 inmates are showering at a time, the shower itself contains only 6 shower heads. Further, the showers lack ventilation. Plaintiff has noticed mold and water on the shower floor.

Plaintiff's cell is located next to a window with panels missing. Though the panels are covered by cardboard, cold air from outside still comes through the window, making the cell chilly in times of cold weather.

Generally, inmates are placed in the dormitory to wait for a space in general population to open up. This wait lasts generally between ten and twenty days. However, it is common practice to leave inmates causing problems in the dormitory for the duration of their imprisonment.

**Discussion:**

Plaintiff alleges that these conditions of his confinement amount to cruel and unusual

2

punishment in violation of the Eighth Amendment. Specifically, the overcrowding of inmates makes it difficult to access a toilet and a shower, and his cell is subject to cold drafts. In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

The United States Supreme Court in *Rhodes v. Chapman* considered a prison that, because of overcrowding, caused sleeping quarters to be spread out into hallways; inmates did not receive general hygiene items such as toothpaste or a toothbrush; over 200 men used one toilet; food was often infested with insects; and violence ran rampant in the prison. 452 U.S. 337(1981)(discussing *Pugh v. Locke*, 406 F.Supp. 318(M.D. Ala. 1976)). The Court stated that taken together as a whole, these conditions stated an Eighth Amendment claim. *Id.*

The Court further instructed that courts must consider the effect conditions of a prison have on inmates in terms of the physical building structure, sanitation, safety, inmates needs, and staffing. Considered as a whole, where the impact of the conditions threatens the physical and mental health of inmates, there has been a constitutional violation. Conditions are not unconstitutional because they are harsh or restrictive, as these conditions are to be expected in the prison environment. Conditions must be so harsh or so restrictive as to call into question the risk to inmates' health and wellness. *Id*. at 354 (discussing *Laaman v. Helgemoe*, 437 F.Supp. 269, 323(D.C.N.H. 1977)).

In this case, Plaintiff fails to state an Eighth Amendment violation. Though he shares two toilets with 100 other inmates, must shower with 9 other prisoners, and has a cell that is drafty, this

3

does not amount to a denial of life's necessities. Plaintiff is still able to use the toilets and the shower, though he must wait longer to do so, and Plaintiff has not alleged that his cold cell is anything other than uncomfortable. Though these conditions are restrictive and perhaps even harsh, as stated above this does not alone amount to cruel and unusual punishment. Plaintiff has alleged that he gets occasional bouts of constipation from waiting to use the toilet. However, this is not the sort of barbaric and inhumane condition that the Eighth Amendment was designed to prevent. Plaintiff's condition is likely uncomfortable, but he does not allege that it poses a significant risk to his health or safety.

Further, Plaintiff has not alleged that Defendants Cox, Taylor, or Quinn had a culpable state of mind in regards to the conditions. Plaintiff has not alleged that these Defendants actually had anything to do with the conditions or even knew about them. The only place that Plaintiff mentions the Defendants is in the caption and jurisdiction sections of his complaint. The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the

4

defendant's name in the caption.").

Plaintiff has failed to sufficiently allege that the conditions of his confinement rise to cruel and unusual punishment. Plaintiff has also failed to allege that Defendants Cox, Taylor, and Quinn violated his constitutional rights in any way. For this reason, this claim for Eighth Amendment violations must be dismissed with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice, pursuant to 28 U.S.C. § 1915A, for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Defendants **COX, TAYLOR,** and **QUINN** are **DISMISSED** from this action with prejudice.

**IT IS SO ORDERED.**

**DATED: April 5, 2011**　　　　　　　　　　　　/s/ MICHAEL J. REAGAN
　　　　　　　　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE